## Case No. 16,041.
UNITED STATES v. PHELPS.
[Brunner, Col. Cas. 89;[1] 4 Day, 469.]
Circuit Court, D. Connecticut. 1810.

INDICTMENT—VARIANCE.

Where in a prosecution for resisting an officer of the customs the indictment improperly describes the office, the variance is fatal.

This was an indictment [against Stiles Phelps] for assaulting Edward Cheesebor-

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

ough, an inspector of the customs for the district of New London, duly appointed and sworn, knowing him to be such inspector, while executing the duties of his said office, under the direction of Jonathan Palmer, surveyor of the customs for said New London district, and for forcibly resisting him, the said Edward Cheeseborough, in the execution of his duty in said office.

The district attorney, in support of the indictment, offered in evidence a warrant under the hand of Jonathan Palmer, surveyor of the port of Stonnington, for the appointment of Cheeseborough as inspector of the customs.

Mr. Daggett (with whom were Goddard & Billings), for the prisoner, objected to this evidence, on the ground that the law requires the inspector to be appointed by the collector, and recognizes no other mode of appointment.

Before LIVINGSTON, Circuit Justice, and EDWARDS, District Judge.

THE COURT said the indictment must be strictly proved.

The attorney then observed that the surveyor had a right by law to appoint assistants in the execution of his office, and that it was penal to resist such an officer thus appointed; and contended that Cheeseborough was an officer of this description, and that the warrant of the surveyor was admissible to prove his appointment in this point of view.

THE COURT acquiesced in the position that the surveyor might nominate assistants, and that it would be penal to resist them in the execution of their office; but if a man is prosecuted for such an offense, the indictment must describe the assistants in their real character and capacity. Here Phelps is prosecuted for resisting an inspector of customs, an officer known and described in the law. It does not appear that Cheeseborough was appointed to that office; and although he might have held another office, and how penal soever it might be to resist him, it is clear that this indictment cannot be supported. If Phelps be guilty of any crime it is that of resisting an assistant of a surveyor; but he is charged with a different crime.

No other evidence being offered,

THE COURT directed the jury to find the prisoner not guilty, which they did without retiring from their seats.